What is here approved is a judicious screening by the district courts of applications for three-judge panels. That screening should be done cautiously, of course, because of the procedural and jurisdictional morass into which litigants may be led by these troublesome three-judge court statutes. 28 U.S.C. §§ 2281, 2282, and 2284. But the role of the single district judge should be more than a conditioned reflex to such an application, especially now that the Supreme Court has provided for judicial review in the circuit courts of appeals at least when an appealable order has been entered.[4] In most if not all cases, refusal to convene a three-judge court will be accompanied by the denial of a preliminary injunction and hence will be appealable. 28 U.S.C. § 1292 (1964).

One other problem remains. The district court not only denied appellants' motions to convene a three-judge court and to grant a preliminary injunction, but also dismissed the complaint. On another record the latter step might well be questionable, since it would dispose, without hearing, of a possible claim for declaratory relief. See Note, The Federal Anti-Injunction Statute and Declaratory Judgments in Constitutional Litigation, 83 Harv.L.Rev. 1870 (1970). Such relief, assuming subject matter jurisdiction, would be available from a single judge. But the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (1964), is limited in operation to those cases which would be otherwise within the jurisdiction of the federal courts. Jurisdiction in this case depends upon 28 U.S.C. § 1331 (1964), and there is no allegation in the complaint or affidavits of the requisite jurisdictional amount. The situation might be different if the suit challenged a state statute and jurisdiction were asserted under 28 U.S.C. § 1343 (1964). Hague v. C. I. O., 307 U.S. 496, 513, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). The complaint here was properly dismissed. The order of the district court will be in all respects affirmed. All motions made in this court and not heretofore disposed of will be denied.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Griffin Thomas WILLIAMS, Jr.,**
**Defendant-Appellant.**

**No. 29219**
**Summary Calendar.** *

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1970.

William W. Barham, court-appointed, Atlanta, Ga., for appellant.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

---

4. See cases cited at 472 supra.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

475

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:
Affirmed. See Local Rule 21.[1]

**Joe MORALES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 29562

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1970.

Joe Morales, pro se.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Morales, represented by counsel, was convicted upon his plea of guilty of two counts of selling heroin not from the original stamped package, in violation of 26 U.S.C.A. § 4704(a). After sentence there was no direct appeal. The District Court denied Morales' § 2255 motion without an evidentiary hearing.

The sole contention on appeal is that the statute under which Morales was convicted is unconstitutional in light of Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. But this argument was put to rest by Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, and United States v. Walker, 5 Cir. 1969, 414 F.2d 876.

The appeal is therefore frivolous and is

Dismissed.

**UNITED STATES of America, Appellee,**

v.

**Michael SCARPELLINO, Appellant.**

No. 19823.

United States Court of Appeals, Eighth Circuit.

Sept. 10, 1970.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 [5 Cir., 1970].

\* ▮ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.